IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 JUN 13 AM 9:36

N.D. OF ALABAMA

ERNIE NMI FREEMAN; AIMEDRA O.       )
KELLEY; VIOLET RUFFIN PARKER;
CASSANDRA L. PORTER; WILLIAM        )
RANDALL SCOTT; SAMUEL L. SMITH;
and RHONDA L. UNDERWOOD,            )
    PLAINTIFFS,
                                    )
VS.                                       CV-99-H-1276-S
                                    )
MG BROADCASTING OF
BIRMINGHAM, INC., d/b/a             )
WIAT-TV, corporation,
                                    )
    DEFENDANT.

**ENTERED**

**JUN 1 3 2001**

## MEMORANDUM OF DECISION

The Court has before it the September 6, 2000 motion of Defendant MG Broadcasting of Birmingham, Inc. for summary judgment in its favor with regard to the racially hostile work environment claims of all Plaintiffs against it under Title VII (Count One) and Section 1981 (Count Two). Pursuant to this Court's previously issued Orders, the motion for summary judgment as to such claims is now under submission. (Document Nos. 120, 124, 129, 135, 139, 173 & 174). The parties have presented to the Court evidence in support of and in opposition to the motion, as well as briefs addressing the issues now under submission.

217

## I. Procedural History

The procedural history of this case prior to this Memorandum is outlined in detail in the Memoranda of Decision accompanying the Court's Orders in this case. (See Document Nos. 118, 122, 127, 133, 137, 190, 192, 194, 202, 204, 207, 210, 212 & 215). The Court has granted summary judgment in favor of Defendant as to the disparate treatment and constructive discharge claims of all Plaintiffs. (See Document Nos. 195, 203, 205, 208, 211, 213 & 216). Plaintiffs' only remaining claims in this action are their claims of racially hostile work environment under Title VII and Section 1981, which are the subject of this separate memorandum of decision.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000)  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for

its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp.</u>, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. <u>Id.</u> at 324.

The substantive law will identify which facts are material and which are irrelevant. <u>Chapman</u>, 229 F.3d at 1023; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. <u>Chapman</u>, 229 F.3d at 1023; <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248; <u>Chapman</u>, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Anderson</u>, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. <u>See</u> <u>Fitzpatrick</u>, 2

F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving

party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. Fitzpatrick, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

The facts relevant to Plaintiffs' hostile work environment claims, and other facts of this case, as related to each individual Plaintiff are set forth in the Memoranda of Decision accompanying Orders previously entered by the Court in this case. (See Document Nos. 118, 122, 127, 133, 137, 190, 192, 194, 202,

204, 207, 210, 212 & 215).  The Court will not restate these facts and herein incorporates by reference those facts into this Memorandum of Decision.

### IV. Applicable Substantive Law and Analysis

All seven plaintiffs in this case have alleged that they were subjected to a racially hostile work environment during their employment at the Station.  For the most part, the allegations relating to the hostile work environment claims are the same for all seven plaintiffs and are the same allegations made by the individual plaintiffs in support of their respective disparate treatment racial discrimination and constructive discharge claims.[1]

A work environment is hostile because of racial harassment only if (1) the plaintiff was subjected to racially offensive acts or statements; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the Plaintiff's own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated

---

[1] The Court has granted summary judgment in favor of Defendant MG Broadcasting as to all disparate treatment racial discrimination and constructive discharge claims made by all seven plaintiffs.  (See Doc. Nos. 195, 203, 205, 208, 211, 213 & 216).

6

with discriminatory intimidation, ridicule, or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive; and (5) the plaintiff subjectively believed the workplace environment to be hostile or abusive.  See Harris v. Forklift Systems, 510 U.S. 17, 21-23 (1993); Watkins v. Bowden, 105 F.3d 1344, 1355 (11th CIr. 11th Cir. 1997).  Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; whether it unreasonably interfered with the employee's work performance; and the effect on the employee's mental and emotional well being.  Harris, 510 U.S. at 23.

There is no way that the evidence in this case, either individually or collectively, rises to the level of a racially hostile work environment.  Defendant is therefore entitled to summary judgment in its favor on the racially hostile work environment claims of all seven plaintiffs.

In summary, the Court finds that no material issues of fact remain and that Defendant MG Broadcasting is entitled to

judgment as a matter of law as to all Title VII and § 1981 racially hostile work environment claims asserted against it by all seven plaintiffs.  A separate order will be entered.

DONE this ___13th___ day of June, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE